17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cheriel JENSEN, Plaintiff-Appellant,
v.
Robert S. GOULD, M.D., Defendant-Appellee.
 No. 93-15761.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cheriel Jensen appeals pro se the district court's dismissal of her 42 U.S.C. Sec. 1983 civil rights complaint. Jensen alleged that her civil rights were violated when the defendant reported her to the police as a suicide threat who should be confined involuntarily pursuant to California law. The district court determined that Jensen failed to state a claim for which relief could be granted, and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is based on the contents of the complaint; we accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Dismissal if proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.
 
 
 4
 To prove a violation of section 1983, Jensen must show that the defendant (1) deprived her of a right guaranteed by the Constitution, and (2) acted under color of state law. See Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.1988). A defendant who is not a state official and who acts contrary to established state policy does not act under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 940 (1982) (defendants' actions that are not authorized by state law cannot be attributed to state); Collins, 878 F.2d at 1152-53 (although state officials may be held liable for abuse of authority granted under state law, private parties may not).
 
 
 5
 Here, Jensen alleges in her complaint that she visited Gould, a doctor, for neurological testing. She alleges that Gould performed no tests, and instead questioned her at some length about depression. After Jensen left Gould's office, Gould contacted the police, Jensen's husband, and Jensen's employer to report that she was suicidal. He requested that police take Jensen into custody pursuant to Cal.Welfare & Inst.Code Sec. 5150.[1] The police came to Jensen's workplace and questioned her regarding her visit to Gould. Jensen alleges that the police threatened to handcuff her and would not allow her to use the bathroom or leave to attend a physical therapy appointment. Following questioning, the police determined that Jensen was not suicidal and did not take her into custody.
 
 
 6
 Jensen claims that Gould's act of reporting her to police authorities pursuant to Cal.Welfare & Inst.Code Sec. 5202 violated her constitutional rights, and that the statute is thus unconstitutional. "Involuntary commitment to a mental treatment facility implicates an important, constitutionally-protected liberty interest of the person committed." Doe v. Gallinot, 657 F.2d 1017, 1021 (9th Cir.1981). However, Jensen was not taken into custody and confined; she was questioned by police, who determined that she should not be so confined. We have previously upheld the district court's finding that a 72-hour detention based on Cal.Welfare & Inst.Code Sec. 5000, et. seq., is justified as an emergency measure, provided a probable cause hearing is held shortly thereafter. See id. at 1022. Accordingly, Jensen's claim that the statute is unconstitutional as applied to her must fail. See id.[2]
 
 
 7
 Jensen also alleges that Gould violated her constitutional rights to personal and marital privacy, defamed her, and damaged her professional reputation by telling her husband, her employer, and others that she was suicidal. However, these acts fall outside the California statute allowing for involuntary confinement. Gould's acts thus cannot be ascribed to the state. See Lugar, 457 U.S. at 940; Collins, 878 F.2d at 1152-53. Accordingly, the district court properly determined that Jensen failed to show that Gould acted under color of state law regarding these claims. See Collins, 878 F.2d at 1147; Leer, 844 F.2d at 632-33.
 
 
 8
 Construing the allegations of the complaint most favorably to Jensen, we find that she can prove no set of facts which would entitle her to relief. Therefore, her complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). See Love, 915 F.2d at 1245.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jensen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Welfare & Inst.Code Sec. 5150 provides that any person who, as a result of a mental disorder, is a danger to himself or others may be involuntarily taken into custody for 72 hours. This may be done, upon probable cause, by a police officer, member of the attending staff of an evaluation facility, or any other professional person designated by the county
 
 
 [2]
 Jensen also seeks to challenge the constitutionality of other provisions of the statute. However, she has no standing to challenge the statute except as it was applied to her. See Warth v. Sedlin, 422 U.S. 490, 499 (1975) (plaintiff must have suffered a threatened or actual injury resulting from the challenged action)
 
 
 [3]
 All pending motions are denied